

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

April 29, 1960

Hon. William A. Harrison      Opinion No. WW-830
Commissioner of Insurance
State Department of Insurance   Re: Whether or not a charter
Austin, Texas                           amendment which will re-
                                      sult in an insurance com-
                                      pany issuing fractional
                                      shares of stock can be
Dear Mr. Harrison:               approved.

        You have requested our opinion on the legality of a
charter amendment presented to your office whereby a casualty
stock company with par stock of the value of $2.50 per share,
proposes to amend its charter to effect a stock split by
changing the par value to $1.50 per share. The capital of
the company is unchanged by the amendment but the conversion
of the stock's par value results in its capital being divided
into 1,918,966 2/3 shares. You ask whether or not this
charter amendment should be approved since the amendment will
result in a fractional share of stock being issued.

        It is our opinion that the proposed amendment may be
approved.

        Your request was occasioned by an Attorney General's
opinion dated December 21, 1926, which is to the effect that
an insurance company cannot issue fractional shares of stock.

        We do not find anything in the Insurance Code specifi-
cally prohibiting the issuance of fractional shares. The
former Attorney General's opinion pointed out a statutory pro-
vision that each stockholder shall be entitled to one vote
for each share of stock fully paid up appearing in his name
on the books of the company and reasoned that it would be
impossible for this language to have application in case
certificates could be issued for fractional shares. A similar
provision appears in the present Insurance Code in Article
3.04, section 4.

        Turning to the Business Corporation Act, Art. 2.29
likewise provides that each outstanding share shall be en-
titled to one vote at a meeting of shareholders. Never-
theless, Art. 2.20 specifically authorizes the issuance

of fractional shares and provides further that a certificate for a fractional share shall entitle the holder to exercise voting rights, to receive dividends thereon, and to participate in any of the assets of the corporation in the event of liquidation. Also, Art. 1333 of Title 32, R.C.S., formerly the exclusive general corporate law, provides that when a corporation shall reduce its capital stock, and by reason thereof fractional shares shall be issued or held by any stockholders, the holder of any such fractional share shall be entitled to vote the same at any meeting of the stockholders in accordance with proportionate or ratable value of such shares.

These provisions of our corporate statutes show that a legislative admonition that each fully paid up share of stock must entitle its owner to one vote does not preclude the existence of fractional shares. This being the case we do not believe that a provision in the Insurance Code that each stockholder is entitled to one vote for each share of stock held was intended to prohibit the issuance of fractional shares by insurance companies, but was simply intended as a protection for the stockholder and to secure for him the right to vote in stockholders meetings.

Therefore, the reasoning of the previous opinion we believe to be erroneous and it is consequently overruled.

By this opinion we do not hold that those provisions of the Business Corporation Act relating to fractional shares apply to insurance companies. To do so is not necessary to this opinion. They are mentioned solely by way of analogy. We therefore hold that the charter amendment about which you inquire may be approved.

Your letter also requests our opinion on an additional charter amendment, but you have since advised that further information will be submitted in connection with that proposal. We will accordingly dispose of that question in a subsequent opinion.

## S U M M A R Y

A casualty stock company with par stock may issue a certificate for a fractional share.

Very truly yours

WILL WILSON
Attorney General of Texas

By: Morgan Nesbitt
Morgan Nesbitt
Assistant

APPROVED:

OPINION COMMITTEE

W. V. Geppert, Chairman

Raymond V. Loftin, Jr.
C. K. Richards
Fred Werkenthin

REVIEWED FOR THE ATTORNEY GENERAL

By: Leonard Passmore